# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN HAAS,
            Plaintiff,

     v.                                    Case No. 05C0785

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT,
ARTHUR JONES, NANNETTE HEGERTY,
LARRY SCHIMKE, KENNETH MURRAY,
JOHN GARCIA, and UNKNOWN DEFENDANTS,
            Defendants.

## DECISION AND ORDER

      Pro se plaintiff John Haas brought this action under 42 U.S.C. §§ 1983 & 1985, alleging that defendants the City of Milwaukee ("City"), the Milwaukee Police Department ("police department"), former police chief Arthur Jones, present chief Nannette Hegerty, and police officers Larry Schimke, Kenneth Murray, John Garcia and others unknown violated his constitutional rights by using excessive force during an arrest and failing to provide adequate medical attention. Plaintiff commenced the action on June 8, 2005 in state court, and served defendant City on July 6, 2005 and defendant Hegerty on July 12, 2005. Defendants City and Hegerty removed the case on July 21, 2005. Subsequently, counsel for the City and Hegerty filed notices indicating that plaintiff had served defendants Jones, Schimke and Murray, that she represented them, and that each of these defendants joined in the removal petition. Garcia has apparently not been served.

Plaintiff moves to remand the case primarily on the ground that consent of all defendants to the removal was not obtained.[1] When a case is removed, all defendants (other than merely nominal or formal defendants) who have been served must consent to the removal. See Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994); Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993). The record in the present case indicates that only defendants City, Hegerty and Jones had been served as of July 21, 2005. The City and Hegerty obviously consented to the removal (the petition was filed on their behalf), and on July 26, 2005, 13 days after he had been served, Jones joined in the removal petition. This was well within the 30-day period, see Novick v. Bankers Life Ins. Co., No. 05-3085, 2006 U.S. Dist. LEXIS 3134, at *3 (E.D.N.Y. Jan. 9, 2006) (stating that "an action must be remanded where there is a failure of all defendants to file express consent to the removal within the 30-day period"), and sufficient to cure any defect in the original removal petition. The remaining defendants were served after the matter was removed. In any event, they too promptly joined in the removal. Therefore, plaintiff's motion to remand will be denied.

In addition, I will dismiss the Milwaukee Police Department as a defendant. It is an agency of the City of Milwaukee and, as such, is not a suable entity separate from the City. Grow v. City of Milwaukee, 84 F. Supp. 2d 990, 996 (E.D. Wis. 2000).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to remand (Docket # 5) is **DENIED**.

---

[1] In his motion, plaintiff also seems to argue that removal was improper for other reasons, but the City has shown that this action, founded primarily on § 1983, is removable under 28 U.S.C. §§ 1441(b) & (c) and 1446. See Garvin v. Wheeler, 304 F.3d 628, 630 (7th Cir. 2002).

**IT IS FURTHER ORDERED** that the Milwaukee Police Department is dismissed as a defendant.

Dated at Milwaukee, Wisconsin this 28 day of February, 2006.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:05-cv-00785-LA   Filed 02/28/06   Page 3 of 3   Document 23