UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN R. HAAS,

    Plaintiff,

v.                                          Case No. 05-C-785

CITY OF MILWAUKEE, ARTHUR JONES,
NANNETTE HEGERTY, LARRY SCHIMKE,
KENNETH MURRAY, JOHN GARCIA,
and JOHN DOES,

    Defendants,

## ORDER

Plaintiff John R. Haas, who is incarcerated at Fox Lake Correctional Institution (FLCI), filed this pro se civil rights action under 42 U.S.C. §§ 1983 and 1985. This action was commenced in state court and on July 21, 2005, the case was removed to federal court. Plaintiff is proceeding on claims that defendants violated his constitutional rights by using excessive force during an arrest and by failing to provide adequate medical attention. (Screening Order of April 18, 2006, at 6.) Pursuant to the April 18, 2006, Scheduling Order, the deadline for completion of discovery is July 17, 2006, and the deadline for filing dispositive motions is August 21, 2006.

### I. PLAINTIFF'S MOTION TO RELEASE FUNDS

On June 26, 2006, plaintiff filed Motion for Release of Payment to the City of Milwaukee for Discovery Material From My Work Release Account. Plaintiff seeks a court order directing the Wisconsin Department of Corrections (DOC) to release $160.05 from his work release account to pay for discovery materials needed from the City of

Milwaukee. According to plaintiff's motion, counsel for the defendants responded to Plaintiff's First Request for Production of Documents to the City of Milwaukee and Milwaukee City Police with a letter to plaintiff stating that any responsive documents would be available to plaintiff for inspection but in order to receive copies of the documents he needed to prepay copying costs and postage of $150.05. (Pl.'s Mot. for Release, Ex. 3 at 1.) Although the balance in plaintiff's institution regular account is $0.00, as of May 31, 2006, he has $1,349.08 in his work release account. (Id., Ex. 2.) Plaintiff requested that the FLCI Business Manager release the funds from his work release account. (Id., Ex. 3 at 2.) The FLCI Financial Program Supervisor denied the request, finding plaintiff ineligible to access work release funds because he is no longer in work release status. (Id., Ex. 3 at 3.) However, the Financial Program Supervisor also stated that if plaintiff obtained a court order directing FLCI to utilize the work release funds to satisfy the obligation, the institution would comply. (Id.)

Defendants do not object to plaintiff's motion. That, together with FLCI's stated intention to comply with a court order directing them to release the funds and the importance of both parties being able to conduct discovery to the fullest extent possible, lead me to grant plaintiff's motion. Thus, I will order the institution to release the funds for the above-stated purpose.

## II. PLAINTIFF'S REQUEST FOR UNITED STATES MARSHAL TO SERVE TOMMY L. WILSON

On June 26, 2006, plaintiff filed a letter to the clerk of court requesting the United States Marshal to serve Police Officer Tommy L. Wilson, Sr. Plaintiff refers to Officer Wilson as a defendant; however he is not a named defendant in this case. Since Officer

2

Wilson is not currently a defendant in this case, plaintiff's request that the United States Marshal effect service upon him will be denied.

However, the complaint does name "John Does" as defendants and the complaint refers to one "black male officer" who was allegedly involved in both of plaintiff's claims. This unnamed officer is the only unidentified defendant referred to in the complaint. Upon screening the complaint, I advised plaintiff that he would need to use discovery to identify the John Doe police officer defendant. Although not entirely clear, it appears that Officer Wilson may be the John Doe defendant referred to in the complaint. Within ten days of the date of this order, plaintiff should inform the court whether Police Officer Tommy L. Wilson, Sr., is in fact the unidentified John Doe police officer referred to in the complaint.

### III. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Plaintiff has filed a motion for extension of time to complete discovery, due to his indigence and inability to obtain discovery. Currently, the deadline for the completion of discovery is July 17, 2006, and the deadline for filing dispositive motions is August 21, 2006. (Scheduling Order of April 18, 2006.) Defendants oppose plaintiff's motion. However, in light of this order directing FLCI to release funds so that plaintiff can complete discovery, an extension of time to complete discovery and file dispositive motions is appropriate. Therefore, plaintiff's motion will be granted. The April 18, 2006, Scheduling Order will be vacated. The new deadline for the completion of discovery will be September 5, 2006, and the new deadline for filing dispositive motions will be October 2, 2006.

3

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to release funds from work release account (Docket #29) is **GRANTED**. The Secretary of the Department of Corrections or his designee shall release $160.05 from plaintiff's work release account to pay for the herein described discovery materials needed from defendants.

**IT IS FURTHER ORDERED** that plaintiff inform the court whether Police Officer Tommy L. Wilson, Sr., is the unidentified John Doe police officer referred to in the complaint within ten days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the April 18, 2006 Scheduling Order is **VACATED**. The new deadline for the completion of discovery is **September 5, 2006**. The new deadline for filing dispositive motions is **September 2, 2006**.

Dated at Milwaukee, Wisconsin, this 26 day of July, 2006.

/s_____
LYNN ADELMAN
District Judge

4