# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN R. HAAS,

      Plaintiff,

    v.                                                  Case No. 05-C-785

CITY OF MILWAUKEE, ARTHUR JONES,
NANNETTE HEGERTY, LARRY SCHIMKE,
KENNETH MURRAY, JOHN GARCIA,
JOHN DOES, and TOMMY L. WILSON, SR.,

      Defendants.

## ORDER

      Plaintiff John R. Haas, who is incarcerated at Fox Lake Correctional Institution, filed this pro se civil rights action under 42 U.S.C. §§ 1983 and 1985. Plaintiff is proceeding on claims that defendants violated his constitutional rights by using excessive force during an arrest and by failing to provide adequate medical attention. There are several motions pending which will be addressed herein.

### I. DISCOVERY MOTIONS

      On August 18, 2006, plaintiff filed two discovery-related motions, a motion to compel discovery and a "Motion for Failure to Respond for Admission." The motion to compel discovery simply states that plaintiff "pleads to the Court to grant this motion to compel discovery"; it does not state what he seeks to have compelled. However, copies of correspondence between plaintiff and counsel for defendants, Attorney Susan E. Lappen, were filed along with the motion to compel. In the most recent correspondence, a letter from plaintiff to Attorney Lappen dated August 14, 2006, plaintiff requests that defendants turn

over for inspection the discovery requested in his first and second requests for production of documents. The letter also states that plaintiff's discovery requests were "ongoing" and therefore he demands "press new releases" from "the present Mayor of the City of Milwaukee Barret[t], then Pratt and lastly Norquist, Police Chiefs Jones and Hegerty, District Attorney McCann, Richard Cox from Fire and Police Commission and President of Police Union - John Barcerzak about problem that each individual state to reporters about police misconduct, citizen complaints, hiring, testing and code of silence in an investigation of misconduct." (Letter of Aug. 18, 2006, at 3.) Plaintiff also seeks the transcripts from a segment of the television program "Sunday Night" where Chief Hegerty appeared and which aired on May 23, 2006. Additionally, plaintiff seeks a copy of a 179-189 page report done by "Police Access Research Center, Los Angeles, Calif.," for which the City of Milwaukee paid approximately $70,000 and about which information was released in June 2006 in the Milwaukee Journal Sentinel and on Channels 4, 6, 12, 18, and 24. (Id. at 4.)

According to defendants, they have promptly responded to all of plaintiff's discovery demands. Defendants assert that they maintained custody of various documents which were responsive to certain of plaintiff's document requests. Defendants further assert that plaintiff has been informed on multiple occasions that those documents are available for his inspection or that copies would be provided to him upon prepayment of the related copying and postage costs. Defendants go on to state:

> It does not appear to the undersigned that there are any other issues raised by Mr. Haas in the above-noted documents. As noted in defense counsel's letter to Mr. Haas, which is dated April 4, 2006, and is attached as part of Exhibit A to plaintiff's "Motion to Compel Discovery," counsel was willing to respond to any discovery complaints that plaintiff brought by letter. Plaintiff was also asked to delineate his discovery-related complaints, and he never followed through with that request. Thus, the precise basis for Mr.

2

> Haas' discovery complaints has yet to be clarified. However, should the court require further response, the undersigned respectfully submits that clarification from Mr. Haas is necessary, to present a clear statement of the issues he is attempting to put before the court, via the above-noted documents.

(Defs.' Resp. at 2.)

In plaintiff's other discovery motion, his motion for failure to respond for admission, plaintiff asserts that he made a request for admissions of portions of pages seven and eight of the complaint, but that defendants failed to respond. Plaintiff requests that defendants' failure to respond be construed as an admission. In response, defendants assert that "to the extent that the plaintiff is asserting that the defendants have admitted to certain of his allegations, as raised in his complaint, by failing to respond to the allegations, the defendants respectfully assert that they have filed an appropriate answer to the complaint." (Defs.' Resp. at 1.)

In general, parties may obtain discovery regarding any matter which is relevant, pursuant to Federal Rule of Civil Procedure 26(b)(1). The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2). Additionally, any motion to compel discovery must include some indication that the moving party has in good faith conferred or attempted to confer with the party failing to make the discovery in an effort to secure the information without court action. Fed. R. Civ. P. 37(a)(2)(B).

With regard to plaintiff's motion to compel, although not entirely clear, it appears that defendants have provided prompt responses to plaintiff's relevant discovery requests. Plaintiff seems to think that because his discovery requests were "ongoing," defendants are

3

required to indefinitely send him copies of every press release, news report, etc., that has anything to do with the Milwaukee Police Department and excessive force. Plaintiff is wrong about this; such an unlimited discovery demand is burdensome to defendants, as well as unlikely to lead to relevant information. Plaintiff also states that he would like responses to his first and second requests for production of documents, but his motion to compel does not provide the court with these materials (i.e., his discovery requests and defendants' responses). However, on November 16, 2005, plaintiff filed his second request for productions of documents with the court. Attached to that discovery request is plaintiff's first request for production of documents and defendants' responses thereto. I have reviewed defendants' response and I find that they are reasonable. It is unclear what plaintiff still wants defendants to produce with respect to these production of document requests. Thus, plaintiff's motion to compel discovery will be denied.

Turning to plaintiff's motion for failure to respond for admission, he apparently wants defendants to admit during discovery that they violated his constitutional rights. (See Compl. at 7-8 ¶ 15 A. - O.) However, as noted by defendants, they filed a responsive pleading, see Fed. R. Civ. P. 8(b), in which they deny that any constitutional right of plaintiff was violated. Accordingly, plaintiff's motion for failure to respond will be denied.

## II. EXTENSION OF TIME

On September 26, 2006, plaintiff filed a motion for extension of time for filing dispositive motions. On September 28, defendants filed a motion to modify the deadline for filing dispositive motions. Both motions will be granted and the deadline for filing dispositive motions will be extended until January 15, 2007.

4

### III. DEFENDANT JOHN DOE

The John Doe defendant has been identified as Officer Tommy L. Wilson. Defendant Wilson has been served. Therefore, defendant John Doe will be dismissed.

### CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Docket #39) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for failure to respond for admission (Docket #40) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #45) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to modify deadline (Docket #48) is **GRANTED**.

**IT IS FURTHER ORDERED** that the deadline for filing dispositive motions is **January 15, 2007**.

**IT IS FURTHER ORDERED** that defendant John Doe is dismissed.

Dated at Milwaukee, Wisconsin, this 16 day of October, 2006.

/s_____
LYNN ADELMAN
District Judge

5