UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN R. HAAS,
        Plaintiff,

v.                                                    Case No. 05-C-785

CITY OF MILWAUKEE, ARTHUR JONES,
NANNETTE HEGERTY, LARRY SCHIMKE,
KENNETH MURRAY, JOHN GARCIA
and TOMMY L. WILSON, SR.,
        Defendants.

### ORDER

Plaintiff John R. Haas, a state prisoner, brings this action under 42 U.S.C. §§ 1983 and 1985, alleging that several City of Milwaukee police officers violated his constitutional rights by using excessive force during an arrest and by failing to provide him with adequate medical attention. Plaintiff also names as defendants the City and several former police chiefs. Plaintiff commenced the suit in state court, and defendants removed it. Before me now are defendants' motion for partial summary judgment, plaintiff's motion to strike and plaintiff's request for the appointment of counsel.

### I. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the nonmovant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law,

"might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over material facts is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Id. at 267; see also Celotex Corp., 477 U.S. at 324 (stating that a proper summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

Defendants ask me to dismiss plaintiff's claims against former police chiefs Arthur Jones and Nannette Hegerty, the City and John Garcia. Since § 1983 "does not allow actions against individuals merely for their supervisory role of others," Zimmerman v. Tribble, 226 F.3d 568, 574 (7th Cir. 2000), "[i]ndividual liability under § 1983 can only be based on a finding that the defendant caused the deprivation at issue." Kelly v. Mun. Courts of Marion County, Ind., 97 F.3d 902, 909 (7th Cir. 1996). A viable § 1983 claim against individuals must be supported by evidence of personal involvement in the alleged constitutional deprivation. Zentmyer v. Kendall County, Ill, 220 F.3d 805, 811 (7th Cir. 2000); Zimmerman, 226 F.3d at 574. Although direct participation is not necessary, there must at least be a showing that a defendant acquiesced in some demonstrable way in the alleged

constitutional violation. Kelly, 97 F.3d at 909; Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986). Plaintiff does not allege that Jones or Hegerty participated personally in his case in any way. Further, both have retired. Thus, I will dismiss plaintiff's claims against them, See Hammer v. Ashcroft, __ F.3d __, 2008 WL 125956, at *7 (7th Cir. Jan. 15, 2008).

Under 42 U.S.C. § 1983, a municipality cannot be held liable solely on the grounds of respondeat superior. Monell v. Dep't of Soc. Svcs., 436 U.S. 658, 691 (1978). However, the government as an entity is responsible "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury." Id. at 691. There must be a direct causal link between the alleged unconstitutional deprivation and the municipal policy or custom at issue. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). There are limited circumstances when "failure to train" may be a basis for municipal liability under § 1983. Id. at 388. Inadequacy of police training may only serve as a basis for municipal liability where the failure to train amounts to deliberate indifference to rights of persons with whom the police come in contact. Id. Defendants contend that when I screened the case, I barred plaintiff from proceeding on a claim based on an unconstitutional custom or policy and that therefore plaintiff cannot bring a claim against the City. In the screening order, I noted:

> Plaintiff alleges that he was injured due to 'reckless selection, hiring, and retention of Milwaukee Polic[e] Department employees' and 'reckless police supervision and directions to provide an effective systems to evaluate, control, and monitor police employees.' (Compl. at 8.) In addition, he asserts that the police chief 'persistently failed to control subordinates in the face of knowledge of their propensity for improper actions.' (Id.)

3

(April 18, 2006 Order at 5.) I did not dismiss plaintiff's allegations against the City and believe that the order implicitly recognized a Monell-based claim against the City. Therefore, I will permit plaintiff to proceed on such claim.

Defendants argue that I should dismiss plaintiff's claims against defendant Garcia because plaintiff failed to serve him. Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 120 days after a complaint is filed, "the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. In the present case, because plaintiff proceeds in forma pauperis, he depends on the United States Marshal for service. See Rule 4(c)(2). When the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner only needs to furnish the Marshal with the information necessary to identify the defendant. Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990). Where the prisoner does so but the Marshal fails to accomplish service, such failure amounts to "good cause" within the meaning of Rule 4. Id. A prisoner who adequately identifies a defendant as a prison official may rely on the Marshal to serve him even though the official no longer work for the prison. Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Plaintiff has attempted to find Garcia,[1] but the Marshal has been unable to serve him because "subject is a retired MPD officer, address info. not available, phone number is

---

[1] On September 7, 2005, plaintiff filed a motion to compel the city to disclose defendant Garcia's address so that the Marshal could serve him. I denied such motion because plaintiff failed to consult with defendants before filing his motion as required by Civ. L.R. 37.1 (E.D. Wis.). On March 23, 2006, plaintiff filed a letter to the Marshal describing Garcia as a retired Milwaukee police officer, providing his last known work address, and requesting service.

4

disconnected." I will order defense counsel to discover Garcia's current mailing address and to provide it under seal to the Marshal so that he can serve Garcia.

## II. OTHER MOTIONS

Plaintiff moves to strike Attorney Lappen's affidavit because it contains false statements. However, plaintiff does not prove this, thus I will deny his motion to strike.

Plaintiff also asks me to appoint counsel for him. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). I may request but not compel an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). Id.; see also Mallard v. United States District Court, 490 U.S. 296 (1989). I have no funds from which to compensate attorneys for such representation. I therefore appoint counsel under § 1915(e)(1) only in the rare case where failure to do so would be so unfair as to violate plaintiff's right to due process. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

5

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. Plaintiff is an extremely capable pro se litigant. However, this case is likely going to trial and in consideration of the complexity of plaintiff's claims, including a medical care claim, I find that the presence of counsel at this stage of the proceedings would likely make a difference in the outcome of this case. Accordingly, I will grant plaintiff's motion to appoint counsel. I will appoint an attorney in a subsequent order.

## III. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that defendants' motion for partial summary judgment (Docket #62) is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that defendants Arthur Jones and Nannette Hegerty are **DISMISSED FROM THIS ACTION**.

**IT IS FURTHER ORDERED** that within ten days of the date of this order, counsel for the defendants shall provide the current mailing address for Garcia, under seal, to the United States Marshals Service. If counsel is unable to discover Garcia's address, counsel shall so notify the court and apprise the court of the effort made to discover the address within ten days of the date of this order.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve defendant John Garcia once counsel for the defendants provides it with his mailing address. Garcia's address shall remain under seal.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (Docket #68) is **DENIED**.

6

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #70) is **GRANTED**. An attorney will be appointed in a subsequent order.

Dated at Milwaukee, Wisconsin, this 11 day of February, 2008.

/s_____
LYNN ADELMAN
District Judge

7

Case 2:05-cv-00785-LA   Filed 02/11/08   Page 7 of 7   Document 74