# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOHN R. HAAS,**
    **Plaintiff,**

  **v.**           **Case No.  05C785**

**CITY OF MILWAUKEE, et al.,**
    **Defendants.**

---

## ORDER

On October 15, 2009, defendants filed a motion for summary judgment and all supporting materials with this court under seal.  These materials were accompanied by a motion to seal them on the ground that they contain "medical information, personally-identifiable information, and information relative to personal and private matters."  (Docket # 103.)  However, defendants cite no authority supporting the proposition that any of this information is entitled to be removed from the public record.  The public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.  See, e.g., Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999).  Although that interest does not always trump the property and privacy interests of litigants, "it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case."  Id.

In the present case, the defendants have made no effort to demonstrate that any of the medical or personal information they deem sensitive is, in fact, sensitive.  I have reviewed the brief filed in support of defendants' motion and cannot find anything that is

even remotely embarrassing or personal.  Further, the medical information goes to the heart of plaintiff's deliberate indifference claim, and therefore an extraordinary justification would need to be shown before that information could be removed from the public record. For these reasons, I will order the clerk of court to unseal all of the materials filed on October 15, 2009 unless the party who desires confidentiality files a statement explaining in detail why such information should be kept private.  Further, even if a party succeeds in showing that the information should be kept confidential, I would under no circumstances allow entire briefs and affidavits to be filed under seal.  Instead, the party must file a version of the brief, affidavit, or other filing in which the confidential information is redacted and all other information is left accessible to the public.  An unredacted copy may then be filed under seal.

THEREFORE, IT IS ORDERED that any party that wants to preserve the confidentiality of any materials filed on October 15, 2009 must, within ten days of the date of this order, show cause why those materials should not be unsealed.  If the court receives no response to this order, all materials will be unsealed.

Dated at Milwaukee, Wisconsin, this 23 day of October, 2009.


/s_____
LYNN ADELMAN
District Judge

2